IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                      ORDER

    v.                                     02-CR-20-WMC-01

FORREST GABOR,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Forrest M. Gabor's supervised release was held on September 19, 2011, before U. S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Daniel J. Graber. Defendant was present in person and by Associate Federal Defender Erica L. Bierma. Also present was U. S. Probation Officer Michael Nolan.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on August 7, 2002, following his conviction for Count 1: threat by mail to kill the President of the United States, a Class D felony in violation of 18 U.S.C. § 871(a); and Count 3: threat to use a biological weapon, a Class A felony in violation of 18 U.S.C. § 2332a(a)(2). Defendant was ordered to serve 57 months' imprisonment on each count to run concurrently, followed by a three-year term of supervised release on Count 1 and a four-year term of release on Count 3.

On January 26, 2007, defendant's supervised release term began. Defendant violated release conditions when he used marijuana and absconded from supervision. On June 28, 2007, U.S. District Judge John C. Shabaz revoked both terms of supervision and imposed a revocation sentence of 30 month's imprisonment and ordered a four-year term of supervised release on Count 3.

Defendant commenced his second term of supervised release on July 31, 2009. On July 11, 2011, defendant violated the mandatory condition prohibiting him from committing any new federal, state or local crimes, when he was involved in a battery of a local Janesville, Wisconsin, man. He violated the mandatory condition prohibiting possession of an illegal substance, Standard Condition No. 7 prohibiting possession and use of an illegal substance, and Special Condition No. 4 requiring him to abstain from illegal drugs, as evidenced by urine specimens which tested positive for marijuana on June 30, July 12, and July 28, 2011. He violated Standard Condition No. 9 prohibiting him from associating with a convicted felon without permission of his probation officer by his ongoing contact with convicted felon Justin Williams.

Defendant's most serious conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervision or (B) extend the term of supervision and/or modify the conditions of supervision upon the finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the four-year term of supervised release imposed on defendant on June 28, 2007, shall be revoked.

Defendant's criminal history category is V. With a Grade C violation and a criminal history category of V, defendant has an advisory guideline range of imprisonment of 7 to 13 months. Pursuant to 18 U.S.C. § 3583(e), upon revocation of supervised release, the statutory maximum period of imprisonment that may be imposed is 30 months because Count 3 is a Class A felony, and defendant served 30 months' custody on his previous revocation.

Since his release from Rock Valley Community Programs' residential reentry center, the defendant has frequently changed residences, employment and telephone numbers, and dropped out of college. Since August 2009, Mr. Gabor has resided at ten residences, usually as the result of ending and starting new romantic relationships with young females in Janesville, Wisconsin. His current 18-year-old girlfriend is pregnant with his baby.

The defendant has worked in at least five area fast food restaurants. His last employment ended with a suspension for suspected marijuana possession on the job site and, when the suspension ended, he did not show for his scheduled shift. The defendant has had at least seven different telephone numbers.

In the spring of 2010, he enrolled in college at UW-Rock County and accepted more than $10,000 in student financial aid. By May 2010, he stopped attending classes. He failed all classes, and he has not attempted to repay the student loan.

While the defendant has participated in mental health programming throughout supervision, he has not made any significant improvement in his cognitive thinking. He also completed substance abuse treatment, but was found to have used marijuana on June 30, July 12 and July 28, 2011.

The defendant acknowledges associating with at least one known felon, who is also a member of the street gang that Mr. Gabor associated with this past summer, a gang reportedly involved in selling marijuana, prostitution, and assaultive behavior.

The defendant reports a complete change in attitude and lifestyle since his most recent violations, but this is belied by a disturbing criminal history. The probation office has worked with him on two terms of supervised release, giving him a great deal of attention and exposure to a variety of resources. He has chosen to continue in his criminal lifestyle and his actions show he intends to continue.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the policy guideline range. A 24-month custody sentence is necessary to hold defendant accountable while also protecting the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 28, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months with six months supervised release to follow. The court recommends that he be afforded a prerelease placement in a residential reentry center with work release privileges. While incarcerated, it is recommended that the defendant receive mental health treatment as deemed necessary by the Bureau of Prisons, and be afforded educational and training that may assist him in his successful reentry upon release from prison. A term of six months supervised release will follow. All standard and special conditions previously imposed shall remain in effect, except Special Condition No. 1.

The defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 19th day of September 2011.

BY THE COURT:

William M. Conley
Chief District Judge